UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA

       -v.-　　　　　　　　　　　　　　　　ORDER

EUGENE CARSON,　　　　　　　　　　　　No. 16-CR-635-1 (CS)

       Defendant.
--------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Eugene Carson's motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), (ECF No. 45), and the Government's opposition thereto, (ECF No. 47). Defendant was sentenced principally to 144 months' imprisonment on his conviction for conspiracy to distribute heroin, and the mandatory minimum 60 months' imprisonment, to run consecutively, on his conviction for using a firearm in furtherance of a drug trafficking crime, for a total of 204 months' imprisonment, which was below the Sentencing Guidelines range of 262-327 months. (ECF No. 21; ECF No. 13 ¶ 88.) He has served approximately 104 months.[1]

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a) factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and additionally requires that the Defendant not be a danger to the safety of any other person or the community. *See* U.S.S.G. § 1B1.13(a), p.s. The Policy Statement, as amended, *see United*

---

[1] Defendant asserts that he has served 85% of his sentence, but his math is off. He has served slightly more than 50% of his sentence.

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023),[2] identifies as extraordinary and compelling certain circumstances relating to medical condition, age, family, prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity, *see* U.S.S.G. § 1B1.13(b)(1)-(6). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." *United States v. Jacques*, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order).

The motion is denied, essentially for the reasons stated by the Government. Defendant cites his mental and emotional exhaustion. While I have no doubt that his long sentence is draining, especially after numerous other significant sentences, he does not point to, and his medical records do not reflect, any medical or mental health condition rising to the level required by U.S.S.G. § 1B1.13(b)(1). Nor do his family circumstances rise to the level contemplated by § 1B1.13(b)(3). Defendant's desire to be with his family is of course understandable, but it is not out of the ordinary. Separation from family members is one of "the sad and inevitable consequences of incarceration." *United States v. John*, No. 15-CR-208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020). Finally, Defendant suggests he has been rehabilitated. Rehabilitation

---

[2] I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13." 2023 WL 8275897, at *4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated."). But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. Unless otherwise indicated, all case quotations omit internal citations, quotation marks, footnotes and alterations. The Court will send Defendant copies of any unreported cases cited in this Order.

alone is not an extraordinary or compelling circumstance, but it may be considered in combination with other circumstances. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). Defendant's claims to rehabilitation are largely conclusory, and are not persuasive, particularly when considered against his background of ten prior convictions (not counting the instant conviction), including six for drugs and one for a firearm. In short, the circumstances to which Defendant points do not, singly or in combination, rise to the level of extraordinary and compelling.

Even if they did, I would have to consider the § 3553(a) factors, and they weigh strongly against a sentence reduction. Chiefly because of the seriousness of the offense, the Defendant's criminal history, and the need to promote respect for the law, deter future crimes and protect the public, reduction of his sentence barely halfway through would not serve the purposes of sentencing.

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to send a copy of this Order to Eugene Carson, No. 10529-002, FCI Allenwood Low. Federal Correctional Institution, P.O. Box 1000, White Deer, PA 17887.

Dated: March 31, 2025
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.